[946 NYS2d 523]

In the Matter of Stephen S. Bowman, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, June 8, 2012

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*James C. Hopkins,* Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 18, 1989, and maintains an office in Syracuse. The Grievance Committee filed a petition charging respondent with misconduct based upon his numerous convictions of alcohol-related driving offenses and his failure to cooperate with the investigation of the Grievance Committee. Respondent filed an answer admitting the material allegations of the petition and he thereafter appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]) and rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his statement that he is currently participating in a formal treatment program for his admitted alcoholism. In addition, we have considered that respondent has an otherwise unblemished record and that the misconduct was unrelated to his practice of law. Finally, we have considered respondent's expression of remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured. In addition, we direct respondent to continue in treatment for his alcoholism for a period of one year and to provide the Grievance Committee with quarterly reports

from his treatment provider in accordance with the order entered herewith.

SMITH, J.P., FAHEY, SCONIERS and MARTOCHE, JJ., concur.

Order of censure entered.